HENRY C. PITNEY, JOHN R. EMERY, ALFRED REED,
FREDERIC W. STEVENS, MARTIN P. GREY AND
EUGENE STEVENSON, VICE-CHANCELLORS.

| 62 | 345 |
| e66 | 23 |

———————— ■ ————————

ANNA G. BREARLEY and FLORENCE B. WHITEHEAD

*v.*

ALICE L. B. MOLTEN, executrix, &c., and ROBERT V.
WHITEHEAD, trustee, &c.

[Submitted September 17th, 1901. Filed November 6th, 1901.]

1. A testatrix, by her will, empowered her executrix (who was her daughter) to sell all her property and divide the proceeds equally between herself and a trustee, who was to hold the share paid to him in trust, and to pay the income to testatrix's daughter-in-law and granddaughter during the life of the granddaughter, and upon her death to divide it among her children.

Brearley v. Molten.

2. The will directed the executrix to sell certain stores, on or before the expiration of the lease thereon, and a certain farm, with other property, within five years from the decease of testatrix, and to divide the proceeds as above stated. It further provided that, until the disposition of testatrix's estate as directed, the executrix should receive the rents thereof and divide them equally between herself and the granddaughter.—*Held*, that the executrix was thereby required, pending the disposition directed, to use the rents received from all the property in keeping down the annual taxes and charges on every part of the property before dividing them. *Aliter*, as to assessments imposed on the property for municipal improvements or betterments, which are properly chargeable, in equitable proportions, upon the life interest and the remainder.

3. It appeared that the stores were not sold by the executrix within the period directed, but the lease was renewed, with the approbation and consent of the daughter-in-law and granddaughter.—*Held*, that the latter could not complain because the executrix thereafter applied some of the rents thereof to the payment of the annual taxes imposed on the farm, the income from it being insufficient to discharge them.

4. The period within which the farm was directed to be sold had expired about a month before the daughter-in-law and the granddaughter filed the bill in this cause. It appeared that they had never requested the executrix to sell the same at public auction. It is a fair inference from the proofs that they and the executrix agreed in the view that the farm ought to bring the price of $60,000. The executrix had made efforts to sell the same at private sale, but without success. The bill prayed, among other things, for a decree requiring the executrix to forthwith sell the farm at public sale, if need be, and out of the proceeds to reimburse the complainants for so much as had been used of their share of the income of the stores to pay taxes on the farm, and to pay to the trustee one-half of the remaining proceeds of the sale.—*Held*, (1) that no part of the taxes paid can be charged upon the principal of the fund, and (2) that if, under the circumstances appearing, complainants have a right to require the executrix to make a public and forced sale of the farm, a decree for such sale should not be made in the absence of the children of the granddaughter, who are to take the proceeds after her death, and who are infants, and not made parties.

The contest in this case relates to the will of Catherine M. Brearley, the pertinent provisions of which are the following:

"*Fifth.* I will and direct my executrix to sell and convey the stores on the corner of State and Broad streets and on Broad street adjoining, in the city of Trenton, on or before the expiration of the lease thereon, and divide the proceeds equally between my said daughter and granddaughter.

"*Sixth.* I will and direct that my Chambersburg farm, now in the city of Trenton, lying on the southwesterly side of the Crosswicks turnpike road, and my other lands, meadows and flats in the township of Hamilton, in the county of Mercer and State of New Jersey, and my farm called the

Dutch Neck Farm, in said county of Mercer, be sold and conveyed by my executrix within five years from my decease and the proceeds equally divided between my said daughter and granddaughter.

"*Seventh.* All the rest of my estate of every kind and wheresoever situate, I will and direct to be sold by my executrix and turned into money and the proceeds equally divided between my said daughter and granddaughter.

"*Eighth.* All property and money herein devised and bequeathed to my granddaughter, Florence B. Whitehead, and her shares in any money or stocks or property herein given to her, are to be placed and held in trust by the Real Estate, Safe Deposit, Trust and Investment Company, Trenton, New Jersey, to hold and invest the same and collect the rents, issues and profits thereof, and to apply the net income therefrom as follows: the one-third part of said income to my daughter-in-law, Annie G. Brearley, widow of my deceased son, Anderson L. Brearley, during her lifetime, and the other two-thirds parts thereof to pay to my said granddaughter, Florence B. Whitehead, during her life, and after the death of said Annie G. Brearley to pay the whole of said income to my said granddaughter during her life, and at the decease of my said granddaughter the whole of said property and money so held in trust by said company to go and become the property of the children of said Florence B. Whitehead in equal shares, and if they or either of them be under age then the said company to hold the share of said infant during minority—the legal representative of any deceased child to have the share of his or her parent.

"*Tenth.* Until the disposition of my estate as hereinabove provided and directed by this will, I will and direct that my executrix shall receive and collect the rents and profits thereof and divide the same equally between my said daughter and granddaughter."

By a subsequent codicil the trustee named in the eighth item was discharged and other trustees were substituted.

After the death of testatrix the trustees so substituted were discharged, by a decree of the orphans court of Mercer county, in which the will and codicil were proved, and Robert V. Whitehead was substituted as sole trustee, under the eighth clause of the will.

*Mr. Edwin R. Walker,* for the complainants.

*Mr. Garret D. W. Vroom* and *Mr. William M. Lanning,* for the defendants.

MAGIE, CHANCELLOR.

The bill in this cause was filed by Anna G. Brearley and Florence B. Whitehead, the first being the widow of Anderson L.

Brearley and the latter being the granddaughter of Catherine M. Brearley, and both being the beneficiaries named in the eighth item of the will of said Catherine, who was the mother of Anderson and the grandmother of Florence B. Whitehead.

The defendants in the cause were Alice L. B. Molten, the sole executrix of the said Catherine M. Brearley, deceased, and Robert V. Whitehead, the trustee who had been substituted as trustee, under the eighth item of said will, for the trustees named in the codicil to the said will.

It appears from the proofs that the testatrix died on the 13th day of December, 1895. It further appears that the stores referred to in the fifth item of the will, and which were thereby directed to be sold by the executrix on or before the expiration of the lease thereof, were, at the death of the testatrix, under a lease which expired the 1st day of April, 1898, and that they were not sold on or before that date, but that the lease thereof was renewed.

Complainants' bill, however, admits that the failure of the executrix to make sale thereof as directed, and the renewal of the lease thereof, were known to the complainants, and were with their "approbation and consent."

It further appears that the Chambersburg farm referred to in the sixth item of the will, and therein directed to be sold within five years from the decease of the testatrix, has not been sold. The time within which the sale was directed expired on the 13th of December, 1900.

It further appears that the executrix has, since the death of the testatrix, received and collected the rents and profits of the testatrix's estate, pursuant to the provisions of the tenth item of the will. It appears that the stores which were directed to be sold, by the fifth item of the will, produced a satisfactory income, which has induced the parties to consent to retain them in the estate, without sale. The Chambersburg farm has, during the whole period since the death of the testatrix, produced an income insufficient to pay the taxes imposed on it by the city of Trenton, within the boundaries of which the farm lies. It appears to be property unavailable for profitable farming, and the value of which consists in the prospect that streets and avenues may be

opened through it. It is a fair inference from the proofs that the parties to the cause have considered this farm to be of considerable value, and have united in expressing the view that it ought not to be sold unless it should bring as much as $60,000. Efforts have been made to sell it at private sale, but without success.

It further appears that the executrix, out of the rents and profits received by her under the tenth item of the will, has paid the taxes imposed on the Chambersburg farm, and since the rent received by her from that farm was not sufficient, the remainder has been paid out of the rents and profits of the other property of the testatrix, including the stores, which were the subject of the fifth item of the will.

The bill in this cause sets out the facts which are above stated to appear by the proofs with substantial accuracy. It asserts that, in making payment of the taxes upon the Chambersburg farm, the executrix improperly made use of the rents received from the Broad street stores, which were the subject of the fifth item of the will. It also asserts that the executrix, out of the rents and profits, paid one assessment imposed upon the Chambersburg farm for a public sewer laid by the city in its vicinity.

The bill prays for a decree that the executrix defendant may be ordered to forthwith sell and dispose of the said Chambersburg farm at public sale, if need be, and out of the money arising from said sale she may be ordered to reimburse complainants for the amounts of money deducted from their respective incomes from the said Broad street stores, and that a one-half part of the net proceeds of such sale, after such disbursements, may be ordered paid to the defendant Robert V. Whitehead, trustee, to be by him invested, under the terms of the said will and codicil, and that, until such sale and disbursement of the proceeds thereof, said executrix may be enjoined and restrained from retaining any portion of the income belonging to either of the complainants derivable from the said Broad street stores and diverting the same to the payment of any past, present or future taxes, assessments or impositions against the said Chambersburg farm.

Both defendants answered the bill.

The answer of the executrix substantially admits the facts

charged in the bill, but denies that the payments made by her for the taxes imposed on the Chambersburg farm were improperly made. On the contrary, she asserts that, under the will, it was her right and duty to pay them out of the rents and profits of the estate which she collected under the provisions of the tenth item of the will. It is conceded, however, that her payment of the assessment out of the rents and profits was erroneously made. The assessment being for betterment to the property, it is chargeable both upon the life tenant and the remaindermen in equitable proportions, and only so much of that which is properly chargeable to the life tenants should have been paid out of the rents and profits.

With respect to the prayer for the compulsory sale of the Chambersburg farm, the answer asserts that, during the five years after testatrix's death, the executrix made *bona fide* efforts to sell the farm, and did not succeed in finding a purchaser or bidder for it, and that complainants never requested that she should attempt to make a public sale of the farm until they filed their bill in this cause. The bill was filed January 2d, 1901; the five years had expired on the 13th day of the previous month.

The answer of the other defendant (Robert V. Whitehead) admits the facts stated in the bill, and that complainants are entitled to have the Chambersburg farm sold, but denies that they are entitled to be reimbursed out of the moneys arising from the sale of the lands for the amounts which the executrix paid for taxes and assessments on the farm.

There is no controversy over the facts in this cause, and the prayer for an injunction against the future payment of taxes imposed on the Chambersburg farm involves a construction of the testamentary disposition made by Mrs. Brearley and the power which she conferred upon her executrix.

Where there is a general power of sale conferred upon executors, they are authorized to pay the expenses of superintendence, necessary repairs, insurance and taxes out of the rents thereof. *Howard* v. *Francis, 3 Stew. Eq. 444.* In this case the executrix is especially empowered to collect the rents and profits of the whole of the estate which she is empowered to sell by the express terms of the tenth item of the will. It is unnecessary to

determine where the legal title to the lands directed to be sold remains prior to the sale thereof by her, for it is obvious that she has acquired, under the provisions of that item and the implications therefrom, a right to such occupation and possession as would enable her to take the rents and profits thereof.

The provisions of the will for the trust which is now represented by the defendant Whitehead do not, in terms, impose upon him any active duty until the sale of the whole or some part of the property has been made and the proceeds arising therefrom have been paid into his hands. Still he has an implied duty to his *cestuis que trustent* which will empower him to insist upon a sale of the property at a proper time, so that he can obtain the proceeds for the purpose of the trust. But, pending the sale, the executrix, by reason of her right to take the rents and profits and divide them between herself and Mrs. Whitehead, has a temporary trust with respect to the whole of the unsold property. In performing that trust it is obvious that it is her duty, out of the rents received by her, to keep down the annual charges by way of taxes and repairs, and that she would not perform her duty in that respect if she should distribute the rents and profits and permit the taxes to accumulate. Those taxes it was the duty of the persons entitled to the income to keep down and discharge.

In my judgment the duty of the executrix is not severable. The whole estate, pending sale, is one fund in her hands. The rents and profits derived from all of it is the special matter with which she is to deal, and her duty requires her, out of such rents, to keep down the taxes on every part of the property. As she made sale of any part of the property, and distributed the proceeds of such sale, so much was segregated from the fund, and she ceased to be trustee, except as to the rents and profits of the remainder unsold. Thereafter, if the rents and profits of what remained unsold were insufficient to pay the annual taxes thereon, those taxes would be payable by the executrix and the complainants. One-half of such taxes would be properly payable by the complainants, who are entitled to one-half of the rents and profits for their respective lives. *Holcombe* v. *Holcombe, 2 Stew. Eq. 597.*

The sale directed by the fifth item has not been made within the time directed by its terms. The complainants admit that

they have approved of the action of the executrix in that respect. They have, therefore, acquiesced in the executrix retaining the whole fund in her hands, and cannot complain of her action in dealing with the fund, under the terms of the will. The result, in my judgment, is that they are not entitled to enjoin the executrix from the use of the rents and profits of a part of the fund in keeping down annual charges against any part of the fund, which annual charges the complainants are liable for to the extent of one-half.

As before stated, the payment of the sewer assessment out of the income of the property was not justified, except to the extent that the life tenants of the income should contribute thereto. There is no prayer for a determination of the amount of the assessment paid which should be charged upon such income. In the absence of any allegation or proof of other assessment, or of the intent of defendant to pay the same out of the income, the prayer for an injunction restraining her from making such payment cannot be considered.

The prayer for a decree that the amounts paid by the executrix for taxes imposed upon the Chambersburg farm should be taken out of the proceeds of the sale of that farm before distribution between herself and Mrs. Whitehead, is disposed of by what has been said. They are properly payable out of the income of the estate, and should not be charged against the principal. To allow this prayer would also be impossible, I think, under the present bill. It is obvious that if the prayer were granted, the proceeds of the sale of that farm would be diminished. One-half of such proceeds thus diminished would go to the defendant Whitehead in trust, not only for complainants, but for the children of Mrs. Whitehead, upon her decease. The children have not been made parties to this bill, and they are infants. With respect to their share, their trustee has no active duty to perform until the proceeds are paid over to him. The amount of those proceeds is a matter of interest to them, and they ought to be made parties to the bill. *Smith* v. *Gaines, 12 Stew. Eq. 545.*

With respect to the prayer for a decree requiring the executrix to make sale of the Chambersburg farm at public sale, if need be, I find considerable difficulty. The executrix has not made a sale within the period fixed by the will. It is plainly established

by the evidence that her failure to do so has been with the consent of the complainants. With respect to the Broad street property, they expressly admit that they have consented to, and approved of, her not selling. With respect to the Chambersburg farm, it is plainly inferable that the complainants were unwilling to sell for less than a price at which the executrix was unable to obtain a purchaser at private sale, and, of course, the fixing of a price below which complainants would not have approved the sale, impliedly indicated their assent to the executrix withholding it from a forced or compulsory sale at public auction. The period within which the executrix was directed to sell had expired about a month before this bill was filed. It has not been suggested that she has thereby lost the power to sell which was conferred upon her by the will. Where the limitation upon the exercise of such a power is of the essence thereof, the power must be executed within the prescribed period, but where it is merely directory, the power may be executed after the expiration of the limited period. *Marsh* v. *Love, 15 Stew. Eq. 112; Chasmar* v. *Bucken, 10 Stew. Eq. 415; 18 Am. & Eng. Encycl. L. 945.*

The terms of this will do not indicate an intent to make the execution of the power compulsory within the period named. On the contrary, it is clear that, in this respect, the will is only directory, and I have no doubt that the executrix may now exercise the power conferred upon her. Nor have I any doubt that this court, upon the application of those interested in the proceeds of the sale, may require the executrix to exercise that power and to make sale. Whether a party interested, who has acquiesced in the delay of the executrix, and has never demanded that the property should be put up to a forced sale, may file a bill against the executrix before request or demand upon her, may be doubted, and whether this court would compel the executrix to make sale in a mode that might be detrimental to the interest of the parties concerned, may also be questioned. But, before this court should deal with that question at all, I think that the infant children of Mrs. Whitehead, who are entitled in remainder to one-half the proceeds after the expiration of her life, should be parties.

For these reasons I think the bill must be dismissed.